# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHEREE L. FRANKLIN** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **Civil No. 1:09CV147-HSO-JMR** |
| | § | |
| **PENN NATIONAL GAMING, INC., and** | § | |
| **BSL, INC.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BSL, INC.'S REVISED MOTION TO DISMISS

Before the Court is the Revised Motion to Dismiss [18] filed by Defendant BSL, Inc. ["BSL"], pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Plaintiff Sheree L. Franklin, who is proceeding *pro se*, has filed a Response [23], and Defendants have filed Rebuttals [24], [25]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that BSL's Revised Motion to Dismiss [18] must be granted.

## I. DISCUSSION

Jurisdiction in this case is purportedly founded upon complete diversity of citizenship. *See* Compl., at p. 1 (*citing* 28 U.S.C. § 1332). Plaintiff states that she is a Mississippi resident, and that Defendant Penn National Gaming, Inc. ["Penn"], is a Pennsylvania corporation, "but organized and doing business as BSL, Inc. under the Laws of the State of Mississippi...." Compl., at p. 1. BSL has presented evidence that it is a citizen of Mississippi, as it is incorporated in Mississippi. *See* Business Corporation Information for BSL, attached as Ex. "B" to BSL's Revised

Mot. to Dismiss.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (*quoting* 28 U.S.C. § 1332(a)(1)). The United States Supreme Court has "read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Id.* (internal citations omitted).

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Because Plaintiff is a Mississippi citizen, in order for complete diversity to exist, no Defendant in this case can be incorporated, or have its principal place of business, in Mississippi. Because both Plaintiff and BSL are Mississippi citizens, complete diversity is lacking. The Court is not persuaded that there is a properly pled federal question claim that would otherwise bring this case within its subject matter jurisdiction.

## II.  CONCLUSION

For the reasons more fully stated herein, the Court lacks subject matter jurisdiction over this case, and BSL's Revised Motion to Dismiss must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Revised Motion to Dismiss [18] of Defendant BSL, Inc., should be, and is hereby, **GRANTED**, and this case must be, and hereby is, **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any remaining pending motions are hereby **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 28th day of September, 2009.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE